In The United State District Court
For The Northern District of New York

Constantinee L. Jackson,
                    Plaintiff,
           Vs,
Onondaga County, Et Al,
                    Defendants,

Amended Complaint Reply
Civ. Action No. #5:08-CV-505
(NPM/DEP)

Appearances:                                          Of Counsel:

For Plaintiff:

Constantinee L. Jackson
#04B3073

Neal P. McCurn
Senior U.S. District Judge

I. Background Reply

1.) The clerk of the court received my civil complaint, together with an application to proceed in Forma Pauperis, file by Plaintiff Pro-Se Constantinee L. Jackson, am currently incarcerated illegally at the Southport Correctional in Pinecity, New York. See Dkt. Nos. 1, 2.

2.) As Plaintiff Constantinee L. Jackson, Constitutional Rights, Due Process Laws, Statut of the Laws, Legislature Laws as Criminal committe by Onondaga County Supreme County Judge John J. Brunetti, Actied knowingly, willingly, intelligently, voluntarily, criminaly, with RICO conspiracy pursuant to 18 USC §1962(d), And as the Judge,

Page 2#
Amended Complaint Reply
Civ. Action No. # 5:08-CV-505
(NPM/DEP)

Police Officers, District Attorney's, Lawyer's, Parole, etc, Acted with and/or Criminal Enterprise as that term is defined by 18 USC § 1961(4), to conviction Plaintiff Jackson, of a crime that never happen and violate all the above and committed a captionly Class A-1 Felony for misprison the Plaintiff, on the 6th day of October, 2006;

3.) As it is clear now to this Court to the captionly punishment that was done and that Plaintiff Constantinee L. Jackson, seek to $300 Million Dollars in damages and Release from Prison and Joseph R. Jackson, to be release as it is clear that the Defendants all action in the "State Color of Codes" as well as criminal mind for such action against Plaintiff Jackson, See People V. Jackson, #04-0231-1, #04-0231-1-V, by law as it is clear to this Court, its a punish to the gut ten times by the criminal actuality of the Defendants acting as the enterprise of a Rootest gang;

4.) There is "No Barring" of limitations do to the law as the Defendants vacated Plaintiffs illegal sentence on October 6th 2006, making all the above alive against each named Defendants when this happen to Plaintiff and his Rights was vacated by law American Law Institute, Model Code of Pre-Arraignment Procedure § 1 707(1975); "Not Guilty" Stage by law;

II. Allegations in the Complaint Reply

A.) Defendant Judge John J. Brunetti;

1.) As this Defendant Brunetti, acted criminally when he violate the law and vacated Plaintiff Jackson, Sentence and violate the legislature law, Statutes CPL § 440.40, CPL § 430.10, PL § 70.30(3)(A), PL § 70.30(1)(A), PL § 70.25(3)(A)

Page 3 #
Amended Complaint Reply
Civ. Action No. #5:08-CV-505
(NPM/DEP)

CPL § 125.25(2), CPL § 125.20(1), People V. Richardson, 100 N.Y. 2d 847, Penal Law § 20.25(1)(A), People V. Biggs, 771 N.Y.S. 2d 49 (Ct. App. 2003) (Double Jeopardy) of the elements of Murder 2ed and Manslaughter 1st. are the same in its law see People V. Biggs, is to be reduce to Manslaughter 2ed and in violate of CPL § 220.60, CPL § 390.50(2), CPL § 400.10, CPL § 390.40, CPL § 195.10,

2.) As to the Law was "Not Erroneous" but Criminal and ignored the law being Plaintiff Jackson, was not representation fully, meaning the Attorneys worked with the Judge, District Attorney's a number of times Against Plaintiff Jackson, an violated confidentiality of Client Evidentiary privilege see §5:7, § 5.1, 15 Geo. J. Leg. Ethics 477, 479 (2002), XCorp. V. Doe, 805 F. Supp. 1298 (E.D. VA. 1992), see also Doe V. ACorp., 330 F. Supp. 1352, 1355 (S.D.N.Y. 1971) As Model Rule 1.16 Comment, provides: Harris V. Baltimore, Son Co., 330 Md. 595, 625 A. 2d 941 (1993),

3.) The Law in the State of New York "States, if a person of any kind, Color, etc. Must be Punishable by Law" see 18 USC § 1961(4), 18 USC § 1962(d), Federal Rules of Evidence 104, 403, 801(d)(2)(D),(E), Federal Rules of Criminal Procedure Rule 12(b)(3)(E), Rule 16(A)(1)(A) Federal Rules of Criminal Evidence Rule 801(d)(2)(D), and Bour Jaily V. U.S., 483 US 171, As the sentence of imprisonment for a 1000 Month to life for each named defendant's in violating 18 USC § 1962(d),

3-A.) Therefore this defendant Judge Brunetti; can't be dismissed, see the Complaint Part IV. Relief 1, 2, 3, 4, 6, As it is explained clearly to the Action Plaintiff is seeking;

B. Defendants Marsh A. Hunt, Thomas J. Miller, Robert P. Rickert, Jadi K. Ruark, As it is Established "Under the Acted under the Color of State Law" simply because they are Misusing there power, they possible of Misused there power of there committed Acts and the only reason they use this is cause of there titles to carry

Page 4#
Amended Complaint Reply
Civ. Action No. #5:08-CV-505
(NPM/DEP)

Out such by misuse of power, they use this is cause of there titles, and or Atkins V. Lanning, D.C, O.K.L., 415 F. Supp. 186, 188, As it is established here that each Public Allege Attorney was suppose to fully respect and or represent there clients and not release information to "Any one without the consent of Plaintiff Constantinee L. Jackson, And have do so fully by the tax paying dollars of the State of New York and violate such law when each one of them stepped out of line to committe a illegal crime when they knew that they was wrong, Please, see People V. Bellamy, 160 A.D. 2d 886, 887-88, And it is establish that Hunt, illegally waived Plaintiff Jackson, Rights before the Grand Jury, P.L. § 195.10, And was informed in writing, persent, phone, and withheld evidence that would have release Plaintiff Jackson, of the allege crime and committled her self to take part in a crime when she know better to turnover and share evidence with the District Attorney office and take other clients names off Brief's, Motion's, etc., And put Plaintiff's Jackson name on and do to its, it got denied,

4.) As in Thomas J. Miller, committed violate of the law when he violated the Client-Attorney privilege when he ignore the knowledge of the Law Doe V. A Corp., 330 F. Supp. 1352, 1355 (S.D.N.Y. 1971), As the Model Rule 1.6(A), the Focal confidentiality provison, cogently provides that "(A) Lawyer shall not reveal information relating to the representation of a client unless the client gives informed consents, Never did such by law (See Model Rule 1.6(b)), See also discussion of implicit authorization in §5:9, etc.,

Downie V. Superior Court, 888 P. 2d 1306 (Alaska Ct. App. 1995), In re marriage of Decker, 153 Ill. 2d 298, 180 Ill. Dec. 17, 606 N.E. 2d 1094, 1103 (1992), See Court 28 § 1651 (§ 1449. State Court Record Supplied), As in Rule 59(e), And As F.i+ for this Court to issue a warrent for each named defendant in this case, they violated!

C. Defendants Patrick J. Quinn and Victoria M. Anthony-White,

Page 5#
Amended Complaint Reply
Civil Action No. #5:08-CV-505
(NPM/DEP)

1.) As these named Prosecutors stepped out of there job titles when they worked with the other defendants and "Anthony-White," called Southport Correctional Facility to talk with "SR. Counselor Cold," on November 19th 2006, to inform her that I used other inmates "Free Postage" with there consent and SR. Clerk Kathleen A. Washburn, wrote me a misbehavior Report for "113.15 Unauth Exchange, 114.10 Smuggling, 180.11 Facility Correspond" and I Received 90 more days of S.H.U.,

Knowing she "Victoria M. White," District Attorney, stepped heavyly out of her job titled to cause a more painfull stay in S.H.U. "Box,"

As well as violating the statutes of law, Due Process, Legislature laws, as they both District Attorney's violate CPL § 440.40(1), Motion to set aside sentence, By the People (1) 365 days (4) Attorney who appeared for defendant last proceeding,

As Defendants Patrick J. Quinn, and/or Both Victoria M. White; did Release information to Defendants in a criminal P.O.F.i.h. act to "Mr. B. Martinz," and Co-defendants, that "I Plaintiff Constantinee L. Jackson," was a Police informant that made the buy and forgered my name to such documents and got me as the most wanted Prisoner, in the state prison system today, Therefor these Defendants acted "Under Color of any Law" the unlawful acts in a "Abuse or misuse of power which is possessed by the official only because He/She is and employee,

As this nature or character, and be committed under such circumstances as they abuse and misuse there office powers outside the bounds of lawful Authority 42 U.S.C.A. § 1983, Judge Brunetti, Attorney Hunt, Attorney Miller, Attorney Rickert, Attorney Ruark, District Attorney's White, Quinn, are all Sueable under the complaint of the 1983 sue, legally and criminally as they totally "Abuse there power under the color of any law," See the RICO Conspiracy pursuant to 18 USC § 1962(d),

Page 6 #
Amended Complaint Reply
Civ. Action No. # 5:08-CV-505
(NPM/DEP)

18 USC § 1961(4), As a A-1 Felony, see also Wagner V. Metropolitan Nashville Airport Authority, D.C. Okl., 415 F. Supp. 186, 188, under the concept of "State Action" under the Fourteenth Amendment; Timson V. Weiner, D.C. Ohio, 395 F. Supp. 1344, 1347; Thompson V. Baker, D.C. Ark., 133 F. Supp. 247; 42 U.S.C.A. § 1983;

D. Defendant St. Joseph's Hospital

1.) As it is established that they acted under the color of state law as Defendant Employee Ross Lovey, of St. Joseph's Hospital refused to treat the victim Lewis S. Porter, Sr., when he was brought in by a Rescue Mission Staff that he was "Suicidal" and been using drugs, crack, alcohol, etc., when refuseing the victim treatment for a 90 day program, that St. Joseph's employee "Ross Lovey," acted under "Color of State Law," Atkins V. Lanning, D.C. Okl., 415 F. Supp. 186, 188;

2.) As this unlawful acts done without and beyond the bounds of their lawful authority; As being refuse for care is a State Action under the acting under color of state authority, see Lugar V. Edmondson Oil Co., 457 U.S. 922, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982);

3.) As St. Joseph's Hospital and employee "Ross Lovey," is not a private hospital can be sue under 1983, as with the meaning of § 1983 see Dennis V. Sparks, 449 U.S. 24, 29, 101 S. Ct. 183, 187, 66 L. Ed. 2d 185 (1980);

E. Remaining Defendants As All Named Defendants

1.) As Detective Robert Lenhart, Detective Eggers, testify under oath that I did confess to them about a crime that was never prove the establish the Depraved Indifference Murder 2rd degree, Autopsy Report, Certificate of Death, Toxicology Tracking Form, etc., Nothing support this;

Page 7#
Amended Complaint Reply
Civ. Action No. #5:08-CV-505
(NPM/DEP)

Now Please see the Pro-se Motion of Plaintiff Constantinee L. Jackson "Affidavit In Support of Supplemental Motion To Suppress Statement Evidence" 3-pages, See Decision/Order, of Judgment of such, but Detective Morris, Detective Broton, Sgt. Connellan, Murphy, Allowed the Public to believe that I confessed to such a crime of Murder 2ed Depraved Indifference, CPL § 125.25(2), As it is defined: People V. Feingold, 819 N.Y.S. 2d 691 (Ct. App. 2006), People V. Winkler, 528 N.Y.S. 2d 360 (Ct. App. 1988), 8th Amendment - Prohibits cruel and unusual punishment, Hudson V. McMillian, 503 U.S. 1 (1992), Estelle V. Gamble, 429 U.S. 97 (1976), Rhodes V. Chapman, 452 U.S. 337 (1981), Trammel V. Keane, 338 F. 3d 115 (2d Cir. 2003), Snyder V. Dylog, 188 F. 3d 51 (2d Cir. 1999), 14th Amendment - Protects prisoners from the deprivation of liberty without due process of law Wolff V. McDonnell, 418 U.S. 539 (1974), Sandin V. O'Conner, 515 U.S. 472 (1995), U.S. V. Georgia, 546 U.S. 151 (2006); United States Code § 1983 (often referred to as 42 U.S.C. § 1983);

2.) See the Depraved Indifference Murder Case's, People V. Wall, 34 A.D. 2d 215 (4th Dept. 1970), People V. Gonzales, 302 A.D. 2d 870 (4th Dept 2003), lv granted 99 N.Y. 2d 659, People V. Roe, 74 N.Y. 2d 20 (1989), People V. Register, 60 N.Y. 2d 270, 278 (1983), People V. Sanchez, 98 N.Y. 2d 373 (2002), People V. Hafeez, 100 N.Y. 2d 253 (2003), As it is a illegal arrest, People V. DeValle, 94 N.Y. 2d 870, People V. Williams, 87 N.Y. 2d 1014, As in "People V. Payne, 3 N.Y. 3d 266;"

As Along with Parole officer Jay Moss, the Defendant Along with a Detective give a Defendant something to drink to get him drunk to get a written statement, but both was demoed of there duty's of the legal spots they had in such;

Page 8#
Amended Complaint Reply
Civ. Action No. # 5:08-CV-505
(NPM/DEP)

3.) As All Defendants violate due Process and Constitutional Rights were violated as well as the Legislature law making that a crime for each Named Defendants took part in under the "Color of State Law" making each one liable under Federal Laws of the State of New York and of RICO conspiracy pursuant to 18 USC §1962(d) and that the Defendants are a criminal enterprise as that term is defined by 18 USC §1961(4), As it is set forth as the wrongful and criminal acts of the County of Onondaga and the City of Syracuse, New York, as it is very clear of the deprivation of Rights, illegal prisoned, cruel and unusual punishment that the Eighth Amendment to the Federal Constitution prohibiting such to inflict unnecessary pain and/or cruelty torture and/or lingering death, State ex. R.l. Serna v. Hodges, 552 P.2d 787,89 N.M. 351, People v. Anderson, 100 Cal. Rptr. 152, 493 P.2d 880, As the Custody of the Law is illegal for punishment as to Plaintiff Jackson, was violate of the Statutes of Law and each named person is held liable for criminal action, As in civil action for all named defendants, in the "First Claim as well as the Reply;"

4.) See Due Process errors in the sentencing procedures, People v. Bellamy, 160 A.D.2d 886, 887-88; As the Judge failed to ask Plaintiff at Sentencing on October 6th 2006, N.Y. Crim. Proc. Law §380.50(1)(McKinney 2005), Right to due Process, U.S. Const., Amend. XIV; N.Y. Const., Art. I §6. in violation of my Federal Constitutional Right to due Process of Law, People v. Session, 34 N.Y.2d 254, 357 N.Y.S.2d 409 (1974);

The Misconduct occurred on October 6th 2006, in the Court room of the Defendant Judge Brunetti, et al., as this Misconduct violated Constitutional Rights, due Process of Law, both State and Federal as in violateing of the Legislature

Page 9#
Amended Complaint Reply
Civ. Action No. #5:08-CV-505
(NPM/DEP)

Law and Plaintiff's Legal rights as each named Defendants acted within the criminal mind to punish Plaintiff for a crime that never happen;

Relief:

That each named Defendant's be held liable for criminal prosecution for the crime they committed against Plaintiff Jackson, and that this Court will not dismiss "Any of them named Defendants," who are named in this Complaint and the first one and that Plaintiff Constantinee L. Jackson, be reward such amount of $300 Million Dollars in damages and that a "Lawyer" of this Federal Court be assisted to this case as it is clear that Plaintiff Jackson, is a Lamement of the Law and who is requesting that Senior U.S. District Judge Neal P. McCurn, as to assist Plaintiff Jackson, as he is going up against Professional criminal that are hiding behind the Law to do corrupted crimes and illegal actions and violate all statutes of the Law;

Ordered, that the Clerk of the Court serve a copy of this New Order upon the Senior U.S. District Judge McCurn, for viewing of the merits of such here today, also that a Federal Prosecute be assigned to arrest each named Defendant,

Ordered, that "Not one Defendant be release of this punishment and if any Defendant is, Plaintiff respectfull ask that this Court transfer to the Souther District, or and Easther District or and Westering District and if for any reason this Court feels a Defendant can't be held liable for his/her action of committing crimes against Plaintiff Jackson, then Default Judgment

Page 10th
Amended Complaint Reply
Civil Action No. #5:08-CV-505
(NPM/DEP)

Is Award to Plaintiff Constantinee L. Jackson, For $300 Million Dollar. And 20% goes to "Evangelical Church of God In Christ," And 10% For Feed the Children And that each Defendant be Removed From there dutys with Arrest;

Ordered, that Plaintiff Constantinee L. Jackson, legal complaint is Respected Fully As it is defind here And that each Named person hereby with stand legal punishment by law of this Court as they are: Judge John J. Brunetti, Marsh A. Hunt, esq., Thomas J. Miller, esq., Robert P. Rickset, esq., Jad. K. Ruark, esq., Patrick J. Quinn, D.A., Victoria M. Anthoney-White, D.A., St. Joseph's Hospital "Employee Ross Lovey," Police officers Morris, Broton, Connellan, Lenhart, Eggers, Murphy, Parole officer Jay Moss;

Ordered, that this case with stand as each liable Named Defendant be held For there action they are being legally held for;

Date: June 11th 2008
Pine City, New York

Sworn to before me
this 11th day of June   2008
x Herman Luhson
Notary Public

HERMAN _____
Notary Public, State of N__
Chemung Co. Reg. No. 01LI60361_
_____ January 18, 20 12

x Mr. _____
Plaintiff Pro-Se
Constantinee L. Jackson